E-filing FILED

APR 1 0 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA,<br><br>    Plaintiff,<br><br>  v.<br><br>TERHUNE, Director, and WOODFORD, Acting Director, California Department of Corrections and Rehabilitation, Sacramento; and AUGIE LOPEZ, Associate Warden; JOE McGRATH, Associate Warden; CAMBRA, Warden; AYERS, Warden (A); STOGEY LABANS, Investigative Services; PATTON, Investigative Services; JOHNSON, Investigative Services; JACKSON, Investigative Services; MILLER, Investigative Services; HERNANDEZ, Correctional Officer; Lieutenant CARPENTER; Lieutenant CRANDALL; Sergeant WHITFORD; ARNESON, Investigative Services; ANDERSON, Investigative Servies; Captain JOURDEN; J. B. WILLIAMS, Investigative Services; Correctional Officer McCUBBANS; Captain WILLIAMSON; HAMMOND, Investigative Services; Captain JANE DOE; Captain JANE DOE; JANE DOE, Psychiatrist; DR. COOPER; Correctional Officer ROBINSON; BARNSEBURG, Investigative Services; Correctional Officer VARGAS; Correctional Officer CHRISTOPHERSON; Chief Medical Officer ASTORIA; Correctional | No. C 05-4261 WHA (PR)<br><br>**DISMISSAL WITH LEAVE TO AMEND**<br><br>(Docs & ) |

| | |
|---|---|
| 1 | Officer WAISH; Captain JOHN DOE; Correctional Officer COE; Sergeant |
| 2 | BUYLL, all at Pelican Bay State Prison; and JOHN DOE, Warden; |
| 3 | JOHN DOE, Chief Medical Officer; JOHN DOE, Counselor; JOHN DOE, |
| 4 | Counselor; JOHN DOE, Associate Warden; JOHN DOE, Captain; JOHN |
| 5 | DOE, Lieutenant; JOHN DOE, Sergeant, all at San Quentin State |
| 6 | Prison, |
| 7 | Defendants. / |

Plaintiff, an inmate at Corcoran State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed in forma pauperis.

**DISCUSSION**

*A. Standard of Review*

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*B. Legal Claims*

Plaintiff contends that the Pelican Bay defendants caused him to be placed on a yard from which he had been removed for his own safety. As a result he was stabbed.

He asserts that the San Quentin defendants violated an order for transfer to a medical facility. The claims against San Quentin defendants are not related to those against the Pelican

1  Bay defendants, so they are not properly joined. *See* Fed. R.Civ.P. 20(a). They will be
2  dismissed without prejudice to bringing them in a separate lawsuit.
3      Plaintiff's claims against the Pelican Bay defendants are conclusory. He does not say
4  what defendants actually did, nor does he give any indication when they did it. He must plead
5  facts regarding each defendant's actions, and provide enough information, such as at least an
6  approximate time as to each claim against each defendant, so defendants can answer. In
7  addition, he has not provided any allegations at all regarding the Sacramento defendants,
8  Terhune and Woodford. These claims will be dismissed with leave to amend.

## CONCLUSION

10  1. Plaintiff's claims against the San Quentin defendants are **DISMISSED** without
11  prejudice to bringing them in a separate lawsuit.
12  2. Plaintiff's remaining claims are hereby **DISMISSED** with leave to amend, as indicated
13  above, within thirty days from the date of this order. The amended complaint must include the
14  caption and civil case number used in this order and the words AMENDED COMPLAINT on
15  the first page. Because an amended complaint completely replaces the original complaint,
16  plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d
17  1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by
18  reference. Failure to amend within the designated time will result in the dismissal of the case.
19  3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
20  informed of any change of address by filing with the clerk a separate paper headed "Notice of
21  Change of Address." Papers intended to be filed in this case should be addressed to the clerk
22  and not to the undersigned. Petitioner also must comply with the Court's orders in a timely
23  fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
24  pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 10, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.05\SIERRA261.DSM

3